UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERREL LEWIS                                              CIVIL ACTION

VERSUS                                                    NO. 17-14190

ARCHER DANIELS MIDLAND CO. ET AL.                         SECTION "G"(2)

## ORDER AND REASONS ON MOTIONS

This is a civil action for injunctive relief and money damages under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiff Derrel Lewis alleges that he was subjected to a racially hostile work environment at the Waggaman, Louisiana shipyard of defendant Archer Daniels Midland Company ("ADM"). The complaint alleges a workplace incident of racial harassment between plaintiff and defendant Edward Collins involving display of a lynching noose on June 12, 2017, which was video-recorded on plaintiff's cellular telephone. See Rec. Doc. Nos. 4, 14; 39-1 at p. 4. Plaintiff also asserts state law tort claims against defendant Collins for assault and intentional infliction of emotional distress. Record Doc. No. 14 at p. 3.

Two motions that are related in part because they both seek a forensic examination of plaintiff's phone are pending before me. In its motion to compel, ADM seeks six forms of relief: (1) production of plaintiff's Samsung Galaxy S8 cell phone for a forensic examination; (2) production of all data that has been collected, sent, received, derived or extracted from plaintiff's cell phone and information regarding how and when that data was obtained; (3) production of contact information of anyone having care, custody,

control, access to or use of plaintiff's cell phone since June 12, 2017; (4) production of information responsive to ADM's Requests for Production Nos. 1–4, including but not limited to information from plaintiff's social media and email accounts; (5) a supplemental deposition of plaintiff and either a deposition or written responses from plaintiff's counsel addressing the creation, handling, preservation, gathering, modification or destruction of plaintiff's cell phone and other evidence; and (6) reasonable attorneys' fees and costs, including those of the forensic examiner, incurred as a result of plaintiff's discovery conduct and ADM's efforts to obtain this discovery. Record Doc. No. 46 at pp. 2–3.

Plaintiff's motion requests that this court allow his retained cell phone examination expert, Lance Eliot Sloves, to access and conduct a forensic examination of plaintiff's cell phone. Record Doc. No. 50 at p. 1. The motion apparently was prompted by my earlier issuance of a restrictive evidence preservation order to plaintiff and his counsel concerning the phone, while defendant's motion could be considered. Record Doc. No. 48. In its opposition memorandum, defendant ADM argues that, although examination of the phone is necessary, further efforts to identify the phone's allegedly forgotten passcode should be conducted, but if a "passcode bypass" procedure becomes necessary to retrieve the phone's data, forensic examination of the phone should be conducted by a court-appointed neutral, attended and observed by each side's experts, pursuant to a court-approved protocol and all at plaintiff's expense. Record Doc. No. 53 at p. 2

On December 5, 2018, I conducted a telephone status conference with counsel in lieu of oral argument to discuss the logistics, scope and cost of any production and examination of plaintiff's cell phone. Record Doc. No. 59. A followup telephone conference was conducted on December 12, 2018, to discuss the status of the parties' efforts to arrange an agreed-upon protocol for further examination of plaintiff's cell phone. Record Doc. No. 61. Having considered the motion papers and the parties' voluminous submissions, including counsel's emails submitted in connection with the initial telephone conference, Record Doc. Nos. 58, 60, the oral representations of counsel during the conferences, the record as a whole and the applicable law, IT IS ORDERED that the motions are DISMISSED AS MOOT IN PART, GRANTED IN PART AND DENIED IN PART as follows.

I.  Cellular Telephone Production and Examination by a Neutral Examiner

"Courts hesitate to authorize direct access to an opposing party's electronic storage device." Realpage, Inc. v. Enterprise Risk Control, LLC, 2017 WL 1180420, at *1 (E.D. Tex. Mar. 30, 2017). However, courts have permitted restrained and orderly examinations of computers and other electronic information storage devices, including by neutral expert examiners, when the moving party has sufficiently demonstrated need and inability to obtain relevant information by more conventional means and measures adequate to protect the privacy or commercial concerns of the party who owns the device are imposed. See, e.g., id. at *2 (finding "a very tailored examination is appropriate"); White v. Graceland College Center etc., 2009 WL 722056, at *7 and cases cited at n. 17 (D. Kan. Mar. 18,

2009); BMG Music Enertainment v. Arellanes, 2006 WL 82010875 (E.D. Tex. Oct. 27, 2006).

"[T]he requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data" and that "the responding party's production 'has been inadequate and that a search of the opponent's [electronic storage device] could recover deleted materials.'" Realpage, 2017 WL 1180420, at *1 (quoting Diepenhorst v. City of Battle Creek, 20076 WL 1851243, at *3 (W.D. Mich. June 30, 2006). "Generally, only 'specific, concrete evidence of concealment, destruction of evidence, or failure to preserve documents and information' will warrant drastic electronic measures. . . . The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns. Issues that may be relevant to the inquiry include whether the party withheld information, whether the responding party is unable or unwilling to search for the requested information and the extent to which the requesting party has complied with discovery requests." John Crane Group Corp. v. Energy Devices of Texas, Inc., 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) (quoting Sophia v. Chloe, Inc., 2013 WL 5212013, at *2 (S.D. Calif. Sept. 13, 2013) (emphasis added).

The Official Advisory Committee Notes to the 2006 Amendments to Rule 34 caution:

> As with any other form of discovery, issues of burden and intrusiveness raised by requests to test . . . can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored

> information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to . . . electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Advisory Committee Notes to 2006 Amendments, quoted in Federal Civil Judicial Procedure and Rules at p. 175 (Westlaw Pamph. 2018 rev. ed.).

Defendant ADM has shown that the information on plaintiff's cell phone is extremely relevant to plaintiff's claims and ADM's defenses. The video of the lynching noose incident is key evidence in this case. Defendant Collins has testified, however, that the brief video excerpt that has been produced to date is merely a snippet of a much longer video that will show, along with the history of text messages between plaintiff and Collins, that the incident was a small part of a long-running, joking, non-harassing – albeit wrongheaded – race-based exchange between the co-workers. Record Doc. No. 46-5. Plaintiff disputes that a longer video is on the phone. However, if Collins's testimony is deemed credible and the alleged longer video exists but is not recovered, it is possible that the video produced to date will not be admissible at trial. Fed. R. Evid. 106. Communications, photo/video evidence and metadata relating to the incident and the relationship between Collins and plaintiff, if they exist, will likely be discovered via forensic examination of plaintiff's cell phone. In addition, a previously agreed-upon attempt to access the data on plaintiff's phone at the office of defendant's retained expert failed because

plaintiff could not provide the phone's SIM card or recall its correct passcode. ADM has demonstrated that it will be unable to obtain this relevant information unless a proper expert examination is conducted. By filing his own motion, plaintiff implicitly recognizes the same need for further examination of the phone.

To their credit, both sides have recognized the benefit that neutral examination of the cell phone will provide to the truth-seeking process in this case. Consistently with the cooperative efforts contemplated by the Federal Rules in circumstances like these, after discussions with their experts, each other and the court, the parties have agreed that a neutral expert is the best – perhaps even the only – available resource for the technology potentially needed to access the phone. Record Doc. Nos. 58, 60. They also have agreed that further efforts to determine the correct passcode should be conducted before resorting to a riskier, more expensive passcode bypass procedure.

The parties have agreed to craft and have made substantial progress in completing an agreed-upon protocol, which the court will review for approval and filing in the record <u>after</u> a qualified neutral expert has approved it. This protocol will provide means by which (a) the cellular telephone will be packaged, shipped and delivered to the neutral expert; (b) relevant, recoverable data will be recovered and produced, while irrelevant and/or privileged information will be segregated, logged and withheld from production; and (c) counsel of record and/or the parties' retained experts will receive and review the recovered data. The parties' difficulty to date in

finalizing the protocol has been locating an expert who is capable of conducting the "passcode bypass" procedure, if that becomes necessary. The parties also have agreed that all fees and costs associated with the examination must be paid half by plaintiff and/or his counsel and half by defendant ADM and/or its counsel. In light of the parties' agreed-upon approach, both motions are DISMISSED AS MOOT insofar as they relate to further production and examination of plaintiff's cell phone, pending finalization of the parties' agreement.

II.     Additional Relief Sought by Defendant ADM

Defendant's motion is GRANTED insofar as it seeks an order requiring plaintiff to produce information responsive to ADM's Requests for Production Nos. 1–4, including information from plaintiff's social media and email accounts. Fed. R. Civ. P. 34(b)(2)(A) and (B) require that "[t]he party to whom the request [for production] is directed must respond in writing," and "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." The rule also requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). The rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the

court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

For the reasons discussed above, the requested materials are relevant to claims and defenses in this case. Placing the noose video in context in terms of the relationship between plaintiff and defendant Collins is crucial to determining its true nature <u>either</u> as hostile and threatening as plaintiff contends <u>or</u> part of non-threatening, consensual banter between the two co-workers. Plaintiff's written responses to ADM's Requests for Production Nos. 1–4 are incomplete, evasive and fail to comply with Rule 34(b). Record Doc. No. 46-1 at pp. 8–9; Record Doc. No. 49-2. By making mere statements or directing defendant to "see" certain identified materials, the written responses assure neither ADM nor the court that all non-privileged responsive materials have been produced.

In his opposition memorandum, plaintiff objects that these requests are unreasonably cumulative or duplicative or that the social media materials requested can be obtained from other more convenient, less burdensome or less expensive sources, citing Fed. R. Civ. P. 26(b)(2)(C)(i). Record Doc. No. 49 at pp. 9–10. No such objections were asserted in plaintiff's Rule 34(b) written responses. Thus, they have been waived. <u>Parkcrest Builders, LLC v. Hous. Auth. of New Orleans (HANO)</u>, 2017 WL 1426933, at *5 (E.D. La. Apr. 21, 2017) (quoting <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when

a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). No later than **December 28, 2018**, plaintiff must provide ADM with new written responses to ADM's Requests for Production Nos. 1–4, clearly stating either that <u>all</u> non-privileged responsive materials are being produced or that he has no responsive non-privileged materials in his possession, custody or control.[1]

The motion is DENIED insofar as it seeks to depose plaintiff's lawyer regarding the handling of plaintiff's cell phone and any potential tampering with the phone's data. "Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 (5th Cir. 1999) (citing <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986)). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." <u>Shelton</u>, 805 F.2d at 1327. There must be a showing by the party seeking to depose counsel that "(1) no other means exist to

---

[1] In its memorandum in support of its motion, ADM states that plaintiff's answers to Interrogatories Nos. 5 and 17 "pertain to the instant motion." Record Doc. No. 46-1 at pp. 7–8. ADM argues, seemingly as background for the relief requested, that plaintiff's current answers are incomplete because they conflict with other evidence in the case. The motion does not request an order that plaintiff provide further answers to these interrogatories. Therefore, no such relief will be compelled. Plaintiff is reminded, however, of his obligation to supplement these answers under Fed. R. Civ. P. 26(e), if appropriate, and to sign all interrogatory answers, under oath, himself – not through his counsel – as required by Fed. R. Civ. P. 33(b)(1)(A), (3), and (5).

obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; <u>and</u> (3) the information is crucial to the preparation of the case." Id. (emphasis added). No such showing of the first or third element has been made at this time.

Defendant's motion is DENIED at this time insofar as it seeks an order requiring plaintiff to provide supplemental deposition testimony; to produce all data that has been collected, sent, received, derived or extracted from plaintiff's cell phone; to produce information regarding how and when that data was obtained; and to produce all contact information of anyone having care, custody, control, access to or use of plaintiff's cell phone since June 12, 2017. This relief may well be unnecessary and unreasonably cumulative or duplicative in light of the information-gathering and cell phone examination procedures agreed upon by the parties in their protocol. If the protocol procedures fail to provide relevant information, defendant's right to file a new motion geared to specifically identified discovery requests is preserved.

The motion is DENIED insofar as it seeks an award of attorneys' fees and other expenses. The motion has been granted in part and denied in part. Plaintiff's opposition to defendant's request that the cell phone should again be submitted to ADM's retained expert for another attempt to access its data was well-founded. Under these circumstances, I find that a reasonable apportionment of the expenses

incurred in connection with this motion is that both sides should bear their own costs. Fed. R. Civ. P. 37(a)(5)(B).

New Orleans, Louisiana, this \_\_14th\_\_ day of December, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE